# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **I.M. and J.S.**

**No. 17-1110** (Raleigh County 17-JA-22 and 23)

## MEMORANDUM DECISION

Petitioner Mother A.M, by counsel Timothy P. Lupardus, appeals the Circuit Court of Raleigh County's November 3, 2017, order terminating her parental rights to I.M. and J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Stanley Selden, filed a summary response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating her improvement period, (2) terminating that improvement period before permanency could be achieved due to other parties' ongoing improvement periods, (3) finding there was no reasonable likelihood that the conditions of abuse and neglect could be corrected within a reasonable time, and (4) terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed a petition alleging that petitioner exposed J.S. and I.M to drug activity, that she has a history of drug addiction, and that she left the children in the custody of a maternal grandmother, who was unfit to properly care for the children. The petition further alleged that petitioner admitted to the DHHR that she used controlled substances that are not prescribed to her on a daily basis.

At the adjudicatory hearing in April of 2017, petitioner stipulated to drug abuse, which resulted in the neglect of the children, and she was adjudicated as an abusing parent. Petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

orally moved for a post-adjudicatory improvement period, and that motion was granted without objection. The circuit court ordered petitioner to participate in frequent and random drug screening and a psychological examination.

By the mid-point review hearing in July of 2017, a family case plan was prepared, but petitioner refused to sign the same because it required her to undergo inpatient substance abuse treatment. Further, petitioner continued to demand that the DHHR provide her with dental surgery and provide medical treatment for her back. The DHHR filed a motion to terminate petitioner's improvement period. The circuit court found petitioner was non-compliant in several areas of the case plan and warned petitioner to execute the case plan as drafted or prepare for termination of her parental rights. Additionally, the circuit court suspended petitioner's supervised visitation until she provided a clean drug screen on two separate occasions.

In September of 2017, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period. Petitioner was admitted to a short term inpatient detoxification program and did not appear at the hearing, but was represented by counsel. Petitioner still had not signed the family case plan. The circuit court continued the proceedings until petitioner could appear.

In October of 2017, the circuit court held a dispositional hearing and addressed the DHHR's motion to terminate petitioner's improvement period. Petitioner was drug screened before testimony began and tested positive for oxycodone and opiates. A representative from the Raleigh County Daily Report Center testified that petitioner did not appear for forty drug screens and tested positive three of the times she did appear. A DHHR worker testified that petitioner would not schedule visits with I.M. and went several weeks without visiting him. Petitioner's case manager testified that petitioner's negative attitude toward inpatient treatment was unchanged and she had made no effort to be admitted into a long term drug rehabilitation program. Ultimately, the circuit court found that petitioner could not complete her improvement period in a reasonable time and accordingly terminated her parental rights in its November 3, 2017 order.[2] Petitioner now appeals that order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[2]The respective fathers of J.S. and I.M retain their parental rights. According to respondents, J.S. is currently in youth services placement with a permanency plan to transition back to guardianship in his uncle's custody due to J.S.'s father's incarceration. I.M. remains in his non-abusing father's custody with a permanency plan to remain in his custody.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her improvement period because it only allowed her three months to improve after the family case plan was approved. We disagree. West Virginia Code § 49-4-610(7) provides that "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period[.]" This Court has held that "[i]t is within the court's discretion to terminate the improvement period before the twelve-month time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

The circuit court did not err in terminating petitioner's improvement period because petitioner was not participating in services or making any progress in correcting her substance abuse issue subsequent to adjudication. After court-ordered drug screening began in April of 2017, petitioner rarely participated, and when she did participate, she tested positive for oxycodone. As a result, petitioner's supervised visitation was suspended until she provided two clean screens. The combination of petitioner's lack of drug screening and lack of interest led to rare visits between petitioner and I.M. We have previously pointed out that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently." *Katie S.*, 198 W.Va. at 90, n.14, 479 S.E.2d at 600, n.14. Petitioner argues that she was making progress as evidenced by her participation in a detoxification program; however, petitioner tested positive for oxycodone after completing that program. Petitioner also testified that she believed the oxycodone would not show in the drug screen the day of the final hearing, which suggests she intended to deceive the court. Further, petitioner was not compliant in finding an inpatient substance abuse treatment. Petitioner emphasizes that the DHHR did not assist her in finding treatment, but West Virginia Code § 49-4-610(4)(A) provides that "the respondent shall be responsible for the initiation and completion of all terms of the improvement period." Accordingly, we find that the circuit court did not err in terminating petitioner's improvement period.

Additionally, petitioner argues that the circuit court erred in limiting her improvement period to an "extremely short time frame" following the approval of the case plan. We disagree. As noted above, the circuit court has discretion in terminating improvement periods upon a motion by either party prior to their expiration. *Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, Syl. Pt. 6. In the record, the parties agreed that July 13, 2017, was the official case plan approval date. The circuit court did not terminate petitioner's improvement period until November 3, 2017.

Petitioner was given three months to comply with the terms of the family case plan, but did very little to comply. Further, petitioner willfully disregarded the circuit court's order to participate in drug screens and missed at least forty screens. We find that under these facts the circuit court did not err or abuse its discretion in terminating petitioner's improvement period after three months.

Petitioner also argues that the circuit court erred in terminating her improvement period because another one of the children's parent's improvement period was just beginning and, thus, permanency could not be achieved. We have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id.* Although proceedings concerning the other parents continued, petitioner already demonstrated that she was unwilling to make progress. The record is clear that petitioner continued to abuse substances and made no effort to visit I.M. Accordingly, we find that the circuit court did not err in terminating petitioner's parental rights while the proceedings concerning other parents were ongoing.

Petitioner's final assignment of error is that the circuit court erred in terminating her parental rights and finding that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in a reasonable time. Petitioner argues that she could have been successful if granted a dispositional improvement period or an extension to her post-adjudicatory improvement period. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through with the recommended and appropriate treatment." Upon these findings, the circuit court may terminate a parent's parental rights without the use of less-restrictive alternatives. Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

The circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected because petitioner was aware of the conditions, yet did nothing to change them. Petitioner was ordered to drug screen randomly from April of 2017 to October of 2017, yet there is not a single negative drug screen provided in the record. Thus, it is clear from the record that petitioner never remedied the substance abuse that led to the removal of her children. Although petitioner argues that she was given only three months to prove that she could curb her substance abuse, she has not shown that she took any positive action to do so. Even after the detoxification program, petitioner continued to use controlled substances. On appeal, petitioner asserts that she could have been successful if granted a dispositional improvement period or an extension to her post-adjudicatory improvement period.

4

However, petitioner never moved for either alternative disposition. Additionally, pursuant to West Virginia Code § 49-4-610(6) petitioner needed to show that she "substantially complied with the terms of the improvement period" for an extension, or, pursuant to West Virginia Code § 49-4-610(3)(D), that she "experienced a substantial change in circumstances" since the initial improvement period in order to receive a second improvement period. It appears from the record that petitioner did not attempt either. Accordingly, we find that the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and in terminating petitioner's parental rights.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker